IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| TERESA DE JESUS LUNA DE SANCHEZ AND BLANCA GALVAN | § § § § | |
| v. | § | Case No. 7:19-CV-337 |
| | § | |
| THYSSENKRUPP ELEVATOR AND SPAW GLASS HOLDING, L.P., SPAW GLASS CIVIL CONTRACTORS, INC., McALLEN MEDICAL CENTER AND UHS OF DELAWARE, INC. | § § § § | |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, and 1446, and all other applicable laws, Defendant, UHS of Delaware, Inc., hereby gives Notice of Removal of the above action, Cause No.: C-0618-19-I; *Teresa De Jesus Luna De Sanchez and Blanca Galvan v. Thyssenkrupp Elevator and Spaw Glass Holding, L.P., Spaw Glass Civil Contractors, Inc., McAllen Medical Center and UHS of Delaware, Inc.*, from the 398th$^{nd}$ Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division. As grounds for removal, Defendants state as follows:

I.
INTRODUCTION AND FACTUAL BACKGROUND

1. UHS of Delaware, Inc. is a Defendant in a civil action pending in the 398th Judicial District Court. Attached hereto as Exhibit "A" is an index of all documents that clearly identifies each document and indicates the document was filed in state court, as required by 28 U.S.C. § 1446(a).

2. On February 5, 2019, Plaintiffs filed suit against ThyssenKrupp Elevator, Spaw Glass Holdings, L.P. and Spaw Glass Civil Construction, Inc., claiming personal injuries sustained while riding in two elevators, on two different dates, at McAllen Medical Center in McAllen, Texas. Exhibit "B" State Court Petition. On April 29, 2019, Plaintiffs filed their Third Amended Original Petition and added Spaw Glass Holding, L.P. and Spaw Glass Contractors, Inc. as Defendants. On August 22, 2019, Plaintiffs filed their Fourth Amended Original Petition and added UHS of Delaware, Inc., and McAllen Medical Center as Defendants.

3. Plaintiff Teresa De Jesus Luna De Sanchez claims that on or about December 28, 2018 she was injured when staff elevator number 4 she was riding in fell. *Id*. at 12. Plaintiff Blanca Galvan claims that on or about January 5, 2019 she was injured when staff elevator number 7 she was riding in fell. *Id*. at ¶14.

4. McAllen Hospitals, L.P. d/b/a McAllen Medical Center is a Texas Workers Compensation insurance subscriber. Exhibit "C." The two Plaintiffs are employees of McAllen Hospitals, L.P. d/b/a South Texas Health Systems and d/b/a McAllen Medical Center (collectively "McAllen Medical Center"). The alleged incidents are claimed to have occurred while they were in the course and scope of their employment. *Id*. at ¶¶12, 14.

5. On January 5, 2019, Plaintiff Galvan submitted her Texas Workers Compensation claim for injuries arising from the incident at issue and received benefits. Exhibit "D." On December 28, 2018, Plaintiff Sanchez submitted her Texas Workers Compensation claim for injuries arising from the incident at issue and received benefits. Exhibit "E."

6. Pursuant to 28 U.S.C. §1446(a), a true and legible copy of the Petition and Summons are attached as Exhibit "B."

4. Pursuant to Local Rule 81, a list of all counsel of record, including address, telephone numbers, and parties responsible, is attached as Exhibit "F."

## II.
## NOTICE OF REMOVAL AS TIMELY FILED

6. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2). There is complete diversity of citizenship between all properly joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Removal is timely because fewer than 30 days have passed since service of the Summons and Petition on UHS of Delaware, Inc. Exhibit "G," Returns of Service. Plaintiffs served UHS of Delaware, Inc. on August 27, 2019. *Id.*

8. Defendants, Spaw Glass Holdings, L.P., Spaw Glass Civil Construction, Inc., Spaw Glass Holding, L.P., Spaw Glass Contractors, Inc. (Collectively "Spaw Glass"), and McAllen Medical Center have been fraudulently joined or fraudulently misjoined, their consent to this removal is not required. 28 U.S.C. § 1441; *Stone v. Zimmer, Inc.*, No. 09-80252- CIV, 2009 WL 1809990, at *1 (S.D. Fla. June 25, 2009) (severing claims against healthcare providers from those against device manufacturer); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Nonetheless all Defendants have consented to this removal. *See* Exhibit "H."

9.     The United States District Court for the Southern District of Texas is the proper place to file this Notice of Removal under 28 U.S.C. §1441(a) because it is in the Federal District Court that embraces the place where the original action was filed and is pending.

### III.
### THIS COURT HAS SUBJECT MATTER JURISDICTION

10.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which there is complete diversity of citizenship between all properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.    **There is complete diversity of citizenship between UHS of Delaware, Inc. and ThyssenKrupp who are properly joined and served parties.**

11.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant UHS of Delaware, Inc. was and is a Delaware corporation with its principal place of business in Pennsylvania. Exhibit "I" UHS of Delaware, Inc.'s Affidavit. Accordingly, UHS of Delaware, Inc. is a citizen of Delaware and Pennsylvania for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (for the purposes of determining citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

12.     At the time Plaintiffs commenced this civil action, and at all times since, Defendant ThyssenKrupp Elevator Corporation ("ThyssenKrupp") was and is a Delaware corporation with its principal place of business in Georgia. Accordingly, ThyssenKrupp. is a citizen of Delaware and Georgia for the purposes of diversity jurisdiction. I*d.*

**B.     McAllen Medical Center and Spaw Glass are improperly joined defendants whose presence is disregarded.**

13.     According to the Petition, Defendant McAllen Medical Center is a corporation authorized to do business in the State of Texas. Exhibit "B," ¶ 8. For the reasons set forth below, Defendant McAllen Medical Center was fraudulently joined or fraudulently misjoined to this action and thus its presence is disregarded for purposes of determining the propriety of removal. *Esparza v. Paragon Shipping, Inc.*, 2013 U.S. Dist. LEXIS 179685, at *18 (S.D. Tex. 2013).

14.     According the Petition, Defendant Spaw Glass Holdings, L.P. is a corporation authorized to do business in the State of Texas. Exhibit "B," ¶ 4. For the reasons set forth below, Defendant Spaw Glass Holdings, L.P. was fraudulently joined or fraudulently misjoined to this action and thus his presence is disregarded for purposes of determining the propriety of removal. *Id*.

15.     According to the Petition, Defendant Spaw Glass Civil Construction, Inc. is a corporation authorized to do business in the State of Texas.  Exhibit "B," ¶ 5. For the reasons set forth below, Defendant Spaw Glass Civil Construction, Inc. was fraudulently joined or fraudulently misjoined to this action and thus his presence is disregarded for purposes of determining the propriety of removal. *Id*.

16.     According to the Petition, Defendant Spaw Glass Holding, L.P. is a corporation authorized to do business in the State of Texas.  Exhibit "B," ¶6. For the reasons set forth below, Defendant Spaw Glass Holding, L.P. was fraudulently joined or fraudulently misjoined to this

action and thus its presence is disregarded for purposes of determining the propriety of removal. *Id*.

17.  According to the Petition, Defendant Spaw Glass Contractors, Inc. is a corporation authorized to do business in the State of Texas. Exhibit "B," ¶7. For the reasons set forth below, Defendant Spaw Glass Contractors, Inc. was fraudulently joined or fraudulently misjoined to this action and thus its presence is disregarded for purposes of determining the propriety of removal. *Id*.

C.  **Removal is proper because the non-diverse defendants, McAllen Medical Center and Spaw Glass, were improperly joined and Plaintiffs fail to meet the group pleading test.**

18.  There is complete diversity for the remaining defendants because Plaintiffs have improperly joined Defendants McAllen Medical Center and all Spaw Glass Defendants for the reasons outlined below.

19.  To establish improper joinder, the defendant must show there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  *Norwood*, 2018 U.S. Dist. LEXIS 48345 at *4-5.  To determine if this standard is met, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at *5.  "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Martinez v. Peterbilt Motors Co.*, 2004 U.S. Dist. LEXIS 22780, at *5 n.9 (W.D. Tex. 2004)(quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)).  To analyze an improper joinder claim, "a federal court may consider

summary judgment-type evidence such as affidavits and deposition testimony when reviewing a[n] [improper] joinder claim." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

20. Here, Plaintiffs assert causes of action for negligence, negligence per se, and res ipsa loquitor against all Defendants, including McAllen Medical Center and Spaw Glass. Exhibit "B," ¶¶21-30. Plaintiffs' lawsuit, however, fails to follow the rules of pleading, fails to state a cause of action against McAllen Medical Center and Spaw Glass as a matter of law, and no facts exist that would provide Plaintiffs the ability to amend the lawsuit to state a cause of action against McAllen Medical Center or Spaw Glass. As a result, McAllen Medical Center and Spaw Glass are improperly joined, and complete diversity otherwise exists between the remaining Defendants.

### a. Plaintiffs cannot allege claims against McAllen Medical Center because Plaintiffs exclusive remedy is recovery of workers' compensation benefits

21. Plaintiffs are barred from filing their common law causes of action against McAllen Medical Center because these claims are barred under the exclusive remedy provision of Texas Workers' Compensation Act. Plaintiffs were in the course and scope of their employment at the time of the incidents, Plaintiffs have received benefits, and McAllen Medical Center is a workers compensation insurance subscriber.

22. The workers' compensation act was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. . . . The act relieves employees of the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job. . . . In exchange for this prompt recovery,

the act prohibits an employee from seeking common-law remedies from his employer, as well as his employer's agents, servants, and employees, for personal injuries sustained in the course and scope of his employment. *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 142 (Tex. 2003).

23. The starting point of the Court's analysis is the Texas Workers' Compensation Act. *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 137 n.11 (Tex. 2003); Tex. Lab. Code § 401.001. The general definitions section of the Act defines an employer:

> "Employer" means, unless otherwise specified, a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage. The term includes a governmental entity that self-insures, either individually or collectively." *Id.* at 137 n.12; *Id*. § 401.011(18).

For purposes of the foregoing definition, an employer has "workers' compensation insurance coverage" if the employer has either obtained an approved insurance policy or secured the payment of compensation through self-insurance as provided under the Act. *Id.* at 137 n. 13; *Id*. § 401.011(44). In the sections of the Act dealing with coverage election, "employer" is defined as "a person who employs one or more employees." *Id.* at 137 n. 13; *Id*. § 406.001.

The exclusive remedy provision of the Act says, "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." *Id.* at 138 n. 15; *Id*. § 408.001(a). But if an employer, i.e., "a person who employs one or more employees," elects not to obtain workers' compensation insurance, that employer is subject to common-law negligence

claims and may not assert certain defenses, including contributory negligence, assumed risk, or that the injury or death was caused by a fellow employee. *Id.* at 138 n. 16,17; *Id*. § § 406.001(a), 406.033.

### 1. Plaintiffs were in the course and scope of their employment at the time of the incidents

24. Here, Plaintiffs Sanchez and Galvan concede that they were in the course and scope of their employment at McAllen Medical Center. Plaintiff Sanchez concedes that on December 28, 2018 she was in the "scope and duties of her employment" at McAllen Medical Center. Exhibit "B," ¶12. Plaintiff Galvan concedes that on January 5, 2019 she was in the "scope and duties of her employment" at McAllen Medical Center. Exhibit "B," ¶14.

### 2. McAllen Medical Center has workers' compensation insurance coverage

25. Per the Texas Department of Insurance, Division of Workers Compensation McAllen Medical Center[1] was, at the time of the Plaintiffs respective incidents, a Texas Workers compensation insurance subscriber. Exhibit "B." On January 5, 2019, Plaintiff Galvan submitted her Texas Workers Compensation claim for injuries arising from the incident at issue and received benefits. Exhibit "D." On December 28, 2018 Plaintiff Sanchez submitted her Texas Workers Compensation claim for injuries arising from the incident at issue and received benefits. Exhibit "E."

---

[1] Listed on the Texas Department of Insurance website is McAllen Hospital, L.P. which is the parent entity of McAllen Medical Center.

26. Therefore, Plaintiffs are precluded from asserting their common law claims against McAllen Medical Center because at the time of the incidents Plaintiffs Galvan and Sanchez were McAllen Medical Center's employees and McAllen Medical Center was a Texas Workers Compensation program subscriber. Thus, Plaintiffs are barred and cannot state a cause of action against McAllen Medical Center and Plaintiff should not otherwise be given the opportunity. After removal, "a plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction.'" *Evans*, 2015 U.S. Dist. LEXIS 93044, at *20-21.  McAllen Medical Center should be dismissed with prejudice.

### b. Plaintiffs cannot allege claims against Spaw Glass

### 1. Plaintiffs cannot establish that Spaw Glass had the right to control ThyssenKrupp's work

27. Plaintiffs cannot show that Spaw Glass has a contractual right of control over ThyssenKrupp's work. Fraudulent joinder arguments are disposed of through a summary-judgment-like procedure: "A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse party." LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir. 1992); accord Badon v. Nabisco Inc., 224 F.3d 382, 389-90 (5th Cir. 2000). Thus, both sides may present evidence addressing whether there is a possibility that the in-state defendant can be liable on the asserted in the petition. Burden, 60 F.3d at 217 & n. 18 (citing other cases). A plaintiff's evidence, however, may only "clarify or amplify the claims actually alleged" in the petition; the plaintiff may not "present new

causes of action or theories not raised in the controlling petition filed in state court." Griggs, 181 F.3d at 700.

28. Plaintiffs allege that a Spaw Glass entity had a contractual right of control over ThyssenKrupp's work. Exhibit "B" ¶22-25. Here, it is established that Spaw Glass did not have a contractual right of control over ThyssenKrupp's work. Spaw Glass President, Eric Kennedy, testified that the contract between South Texas Health Systems and Spaw Glass had nothing to do with the elevators. Exhibit "J," Deposition of Eric Kennedy @ pp. 14, ln.'s 8-19; pp. 17, ln.'s 12-15; pp. 24, ln's. 3-13; See also "Exhibit "K," South Texas Health Systems and Spaw Glass Contract.

### 2. Plaintiffs failed to adequately allege any of their claims against Spaw Glass Defendants

28. Even without reference to extrinsic evidence, Plaintiff fails to state a cause of action or comply with the federal pleading rules. "[I]t is not enough to allege, in a conclusory or collective manner, that several defendants are [liable]. Instead, '[w]here a complaint seeks to hold more than one [Defendant] liable . . . some facts at least . . . must be set forth in order to make out [a] facially plausible claim of multiple [Defendant] liability[.]" *Fernandez v. Janiking Int'l, Inc.,* 2018 U.S. Dist. LEXIS 13300, at *5 (S.D. Tex. 2018). "Plaintiff fails to allege which of these individuals is liable [due to a relationship with a corporate defendant], nor do [Plaintiffs] state facts giving rise to any individual's liability on behalf of any entity. In addition to being conclusory and formulaic, this type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8." *Gurganus v. Furniss*, 2016 U.S. Dist. LEXIS

90511, *16 (N.D. Tex. 2016). "As correctly stated by Defendants, Plaintiff's group pleading fails to state a claim and makes it impossible to ascertain which particular Defendant(s) are supposedly responsible[.]" *Id*.

29. Here, Plaintiffs fail the "group pleading" test. Plaintiffs assert causes of action against all Spaw Glass Defendants simultaneously, without alleging the distinct conduct allegedly undertaken by each Defendant. Exhibit "B," ¶¶21-25. Paragraph 21-25, alleges negligence claims against all Defendants using a propositional statement and fails to specifically identify which Defendant. "SPAW GLASS, SGCC and/or SGGINC… are liable for injuries arising from failure to provide a safe workplace, in action against SPAW GLASS, SGCC and/or SGGINC…." Exhibit "B," ¶¶21,23. Paragraph 26 alleges that "Defendants negligence proximately caused Plaintiffs' injuries," but does not distinguish between any of them. Exhibit "B," ¶26.

30. A plaintiff may not avoid removal on fraudulent-joinder grounds by using generic references to "defendants" and pleading in conclusory, vague terms. In a similar situation, the Fifth Circuit held that the plaintiff's use of the term "defendants" without identifying any specific, actionable conduct by the non-diverse defendant was insufficient to survive a fraudulent-joinder challenge. Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999)(finding fraudulent joinder where plaintiff named individual as defendant and used the term "defendants" in asserting causes of action but "alleged no actionable facts specific to" the individual); accord Badon, 224 F.3d at 392-93 (finding fraudulent joinder despite plaintiffs' use of "defendants" in asserting claims where allegations were too general).

## IV.
## NOTICE OF REMOVAL TO THE 398TH JUDICIAL DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

30. Concurrently with this Notice of Removal, pursuant to 20 U.S.C. §1446(a) Defendants will file a copy of this Notice with the 398th Judicial District Court of Hidalgo County, Texas. A copy of the written notice of their Notice of Removal to Federal Court is attached hereto as Exhibit "L." In accordance with 28 U.S.C. §1446(d) Defendants will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

31. If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable. *Sierminski v. Trans South Fin. Court.*, 216F, 3.d. 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in asserting removal jurisdiction may be considered by the Court).

32. Pursuant to Local Rule 81, the State Court Docket, all executed process, pleadings, Orders, and the Index of matters being filed are attached as Exhibit "M."

33. Pursuant to Local Rule 81, a Civil Cover Sheet is attached as Exhibit "N."

## V.
## CONCLUSION

32. For the foregoing reasons, Defendants respectfully request that this civil action be, and is hereby, removed to the United States District Court for the Southern District of Texas, McAllen Division, that this Court assume jurisdiction of the civil action, and that this Court enter

such other and further Orders as may be necessary to accomplish the requested removal and promote the ends of justice.

        Respectfully submitted,

        GONZALEZ CASTILLO, LLP

        By:  /s/Ezequiel "Zeke" Moya, Jr.
           Steven M. Gonzalez
           SBN: 08131900
           FBN: 3321
           Edward J. Castillo
           SBN: 24040658
           FBN: 38007
           Ezequiel "Zeke" Moya, Jr.
           SBN: 24092865
           FBN: 2649227
           Eduardo Moya
           SBN: 24105674
           FBN: 3364208

        1317 E. Quebec Ave.
        McAllen, Texas  78503
        (956) 618-0115
        FAX:  (956) 618-0445
        Email: law@valleyfirm.com

        ATTORNEYS FOR DEFENDANTS,
        UHS OF DELAWARE, INC. AND MCALLEN
        MEDICAL CENTER

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via CM/ECF electronic filing service (ONLY) on the 23rd day of September, 2019.

    Daniel Hernandez
    HERNANDEZ LAW FIRM, P.C.
    4841 S. Jackson Road
    Edinburg, Texas 78539
    EMAIL: efiling@hdzfirm.com
    ATTORNEYS FOR PLAINTIFFS

    Alyssa P. Wickern / Michael I. Ramirez
    McCOY LEAVITT LASKEY, LLC
    20726 Stone Oak Parkway, Ste. 116
    San Antonio, Texas 78258
    EMAIL: mramirez@mlllaw.com / awickern@mlllaw.com
        and
    KUSTOFF & PHIPPS, LLP
    Melanie Sanders
    4103 Parkdale Street
    San Antonio, Texas 78229
    Email: msanders@kplegal.com
    ATTORNEYS FOR DEFENDANT THYSSENKRUPP ELEVATOR

    Andres R. Gonzalez/Gregory M. Cokinos
    COKINOS/YOUNG
    10999 IH-10 West, Suite 800
    San Antonio, Texas 78230
    EMAIL: gmcokinos@cokinoslaw.com / agonzalez@cokinoslaw.com
    ATTORNEYS FOR SPAW GLASS HOLDING, L.P., SPAW GLASS CIVIL CONSTRUCTION, INC., SPAW GLASS HOLDING, L.P., AND SPAW GLASS CONTRACTORS, INC.

                                    /s/Ezequiel "Zeke" Moya, Jr.
                                        Ezequiel "Zeke" Moya, Jr.