IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| TERESA DE JESUS LUNA DE SANCHEZ AND BLANCA GALVAN | § § § | |
| v. | § | Case No.7:19-cv-00337 |
| THYSSENKRUPP ELEVATOR AND SPAW GLASS HOLDING, L.P., SPAW GLASS CIVIL CONTRACTORS, INC., McALLEN MEDICAL CENTER AND UHS OF DELAWARE, INC. | § § § § § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties conferred on November 12, 2019. Counsel who participated for each party were (1) Daniel Hernandez, counsel for Plaintiffs; (2) Michael I. Ramirez/Alyssa Wickern/Melanie Sanders, counsel for Defendant, ThyssenKrupp Elevator; (3) Andres R. Gonzalez/Gregory M. Cokinos, counsel for Defendant, Spaw Glass Holding, L.P., Spaw Glass Civil Construction, Inc., Spaw Glass Holding, L.P., and Spaw Glass Contractors, Inc., and (4) Ezequiel Moya/Eduardo Moya, counsel for UHS of Delaware, Inc. and McAllen Medical Center. The addresses, bar numbers, phone and fax numbers are listed below under Paragraph 24.

   The e-mail addresses are as follows:(1) Daniel Hernandez: efiling@hdzfirm.com: (2) Michael I. Ramirez/Alyssa Wickern/Melanie Sanders: mramirez@mlllaw.com /awickern@mlllaw.com / msanders@kplegal.com; (3) Andres R. Gonzalez /Gregory M. Cokinos: gmcokinos@cokinoslaw.com / agonzalez@cokinoslaw.com; and (4) Ezequiel Moya/Eduardo Moya: law@valleyfirm.com.

2. List cases related to this one that are pending in any state or federal court.

   None.

3. **Briefly describe what this case is about.**

Plaintiffs' Response:

Plaintiffs Blanca Galvan, a respiratory therapist, and Teresa Sanchez, a housekeeper, were both severely injured as a result of two separate incidents involving elevator malfunctions at McAllen Medical Center. Both Galvan and Sanchez were riding on the hospital elevators when the elevators suddenly dropped 2-3 floors coming to an abrupt stop causing serious bodily injuries to both Galvan and Sanchez. Both requiring surgical intervention for their injuries. The Defendants knew of the existing problems with the elevators yet failed to maintain and repair them. During this time the McAllen Medical Center was undergoing a renovation project to the hospital and their elevators. Plaintiffs' claims are based on negligence against the in state Defendants SPAW GLASS HOLDING, L.P., SPAW GLASS CIVIL CONSTRUCTION, INC. Moreover, Plaintiffs sued THYSSENKRUPP ELEVATOR CORPORATION, MCALLEN MEDICAL CENTER and UHS OF DELAWARE, INC.

Defendants' Response:

On February 5, 2019, Plaintiff, Teresa Sanchez, initially filed a lawsuit against THYSSENKRUPP ELEVATOR CORPORATION, SPAW GLASS HOLDING, L.P. and SPAW GLASS CIVIL CONSTRUCTION, INC. Plaintiff, Teresa Sanchez claims that THYSSENKRUPP ELEVATOR CORPORATION, SPAW GLASS HOLDING, L.P. and SPAW GLASS CIVIL CONSTRUCTION, INC were negligent when she developed injuries subsequent to descending on an elevator at McAllen Medical Center on December 28, 2018.

On February 26, 2019, Plaintiff, Teresa Sanchez, filed a Second Amended Petition to include Plaintiff, Blanca Galvan. Plaintiff, Blanca Galvan claims that THYSSENKRUPP ELEVATOR CORPORATION, SPAW GLASS HOLDING, L.P. and SPAW GLASS CIVIL CONSTRUCTION, INC were negligent when she developed injuries subsequent to descending on an elevator at McAllen Medical Center on January 5, 2019.

On August 22, 2019, Plaintiffs filed a Fourth Amended Petition in state court to include Defendant, McAllen Medical Center and UHS of Delaware, Inc. Plaintiffs allege that McAllen Medical Center and UHS of Delaware, Inc. were negligent when Plaintiffs allegedly developed injuries subsequent to descending on an elevator located at McAllen Medical Center. Defendant, McAllen Medical Center and UHS of Delaware, Inc. removed the case to federal court because the matter in controversy exceeds $75,000 and the allegations asserted against UHS of Delaware, Inc., a citizen of the state of Delaware, and Georgia invokes diversity jurisdiction.

4.  **Specify the allegation of federal jurisdiction.**

    Plaintiffs' Response:

    This Court does not possess jurisdiction and has timely filed a Motion for Remand.

    Defendants' Response:

    Defendants, McAllen Medical Center and UHS of Delaware, Inc., removed this case to federal court because Plaintiffs assert claims against a citizen of the state of Delaware and Georgia, Defendant, UHS of Delaware, Inc., and the matter in controversy exceeds the sum or value of $75,000.

5.  **Name the parties who disagree and the reasons.**

    Plaintiffs' Response:

    The Required complete diversity is lacking in this matter. The Spaw Glass Defendants are Texas citizens and Defendants' allegations of fraudulent joinder are not well taken. Supplemental jurisdiction does not exist in this matter.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None. There are no additional parties known at this time.

7.  **List anticipated interventions.**

    There are no anticipated interventions known at this time.

8.  **Describe any class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Plaintiffs' Response:

    Plaintiffs, Teresa Sanchez and Blanca Galvan, have not made initial disclosures. Plaintiffs, Teresa Sanchez and Blanca Galvan will serve FRCP 26(a) initial disclosures within 14 days after the Rule 26(f) conference.

    Defendants, McAllen Medical Center, UHS of Delaware, Inc., ThyssenKrupp Elevator Corporation and Spaw Glass have not made initial disclosures. Defendants will serve FRCP 26(a) initial disclosures within 14 days after the Rule 26(f) conference.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        Plaintiffs' Response:

        FRCP 26(f)(3)(B): Parties anticipate discovery cutoff of May 15, 2020, and trial ready date of June 15, 2020. No party believes discovery should be conducted in phases. Plaintiffs do not propose a limit on the number of depositions and the right to depose all retained expert witnesses designated by any party.

        As to Plaintiffs, Teresa Sanchez and Blanca Galvan, propose discovery including, but not limited to, the following categories:

        1.  Depositions of Spaw Glass Civil Construction, Spaw Glass Civil Contractors Inc. employees, UHS of Delaware, Inc., and McAllen Medical Center regarding knowledge of construction and/or maintenance errors, complaints, mechanical problems and/or accidents, which occurred at McAllen Medical Center.

        2.  Discovery requests to all Defendants ThyssenKrupp Elevator, Spaw Glass Civil Construction, Spaw Glass Civil Contractors Inc., UHS of Delaware, Inc., and McAllen Medical Center, regarding knowledge and liability, vicarious or otherwise, for the construction, installation, maintenance and use of ThyssenKrupp elevators installed at McAllen Medical Center.

3. Discovery requests to all Defendants, ThyssenKrupp Elevator, Spaw Glass Civil Construction, Spaw Glass Civil Contractors Inc., UHS of Delaware, Inc., and McAllen Medical Center, regarding knowledge of construction and/or maintenance errors, complaints, mechanical problems and/or accidents, which occurred at McAllen Medical Center.

4. Plaintiffs' claimed damages.

<u>Defendants, McAllen Medical Center, UHS of Delaware, Inc., ThyssenKrupp Elevator Corporation and Spaw Glass propose the following</u>:

FRCP 26(f)(3)(B): Defendants anticipate discovery cutoff of December 17, 2020, and trial ready date of February 15, 2021. The parties do not believe discovery should be conducted in phases. Defendants propose that each side shall be permitted ten (10) fact depositions and the right to depose all retained expert witnesses designated by any party.

In compliance with FRCP 26(f)(3)(B) and without limiting their right to seek further discovery, parties' initial discovery plan would seek information on the categories listed below. Defendants believe that discovery should be limited to the specific causes of action Plaintiffs complained of.

As to Plaintiffs, Teresa Sanchez and Blanca Galvan, Defendants propose discovery including, but not limited to, the following categories:

1. Plaintiffs, Teresa Sanchez and Blanca Galvan's complete medical history, including any pre-existing medical conditions, and mental health, information regarding medical treatments provided to Plaintiffs, information regarding Plaintiff's hospitalizations prior to and after the date of occurrence;

2. Plaintiffs, Teresa Sanchez and Blanca Galvan's health, life, worker's compensation and insurance coverage and claims;

3. Plaintiffs, Teresa Sanchez and Blanca Galvan's personal history, including their criminal, education, employment, and income history; and

4. Plaintiffs' claimed damages.

All parties agree to the following:

FRCP 26(f)(3)(c): None

FRCP 26(f)(3)(D): Defendants expect claims of privilege to be made over certain discovery sought and reserve all rights related to said claims of privilege.

FRCP 26(f)(3)(E): On October 21, 2019, the Plaintiffs filed a Motion to Remand. For the reasons stated therein, Plaintiffs contend that Plaintiffs' lawsuit is due to be remanded. The ThyssenKrupp Elevator Corporation and Spaw Glass Defendants filed Answers in the state court action that was removed to this Court. Absent a requirement from this Court requiring Plaintiffs to re-plead consistent with the Federal Rules of Civil Procedure, the ThyssenKrupp Elevator Corporation and Spaw Glass Defendants contend that they are not yet required to file separate answers in this Court.

FRCP 26(f)(3)(F): On October 28, 2019, Defendants, McAllen Medical Center's and UHS of Delaware filed a Motion for Protection.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs' Response:

Plaintiffs send written discovery, including interrogatories, to Defendants within sixty (60) days of the court's execution of the Agreed Joint Discover/Case Management Plan.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending written discovery, including interrogatories, to all parties within sixty (60) days of the court's execution of the Agreed Joint Discover/Case Management Plan.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs' Response:

Plaintiffs intend to depose within 60 days of the court's execution of the Agreed Joint Discovery/Case Management Plan. UHS of Delaware, Inc., employees, fact witness, Richard Colby as well the following fact witnesses:

ThyssenKrupp Elevator:
Paul Fisher
Ron Griffin

Lerch Bates employees related to design of elevators.

UHS:
Patient Safety Coordinator
Victor Contreras
Marc De Arcie

McAllen Medical Center:
Richard Araujo
David Cadena
Elisa Gutierrez
Eddie Garcia
Doug Colburn
Jerome Brooks
Joe Guerra
Sulema Britt
Linda Moreno
Lorenzo Martinez
Mario Reyna

Spawglass:
Matias Maldonado
Chris Pennington
Sam Saldana
Eddie Rodriguez
Todd Henningsen

Plaintiffs intend to depose all experts designated by the parties in this case.
Plaintiffs intend to depose damage experts.
Plaintiffs intend to depose non-party witnesses with knowledge of prior elevator incidents and malfunctions.

E.     **Of whom and by when the defendant anticipates taking oral depositions.**

Based on current information, Defendants intend to depose Plaintiffs, Teresa Sanchez and Blanca Galvan, and fact witness, Richard Colby, by April 17, 2020. Defendants also intend to depose non-party witnesses with knowledge of medical care and treatment provided to Plaintiffs.

Defendants also intend to depose all experts designated by the parties in this case.

F.     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs' Response:

Plaintiffs will designate experts and produce expert reports by February 10, 2020.

Defendants will designate experts and produce expert reports by March 11, 2020.

Defendants' Response:

Defendants propose that Plaintiffs designate experts and produce expert reports by May 8, 2020.

Defendants will designate experts and produce expert reports by June 24, 2020.

G.     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs' Response:

Plaintiffs Teresa Sanchez and Blanca Galvan will take the depositions of all named and designated experts by Defendants by the agreed date on fully executed scheduling order. Plaintiff, expects to depose any experts designated by Defendants by April 13, 2020.

    Defendants' Response:

    Defendants propose that Plaintiffs depose any experts designated by Defendants by November 20, 2020.

    Defendants expect to depose any experts designated by Defendants by November 20, 2020.

    **H.**     **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendants expect to depose any expert designated by Plaintiffs by October 11, 2020.

    Defendants depose any expert designated by Plaintiffs by April 13, 2020.

**11.**     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None other than what is reflected above.

    Plaintiffs are in agreement to Plaintiffs' above proposed discovery plan.

    Defendants agree to Defendants' proposed discovery plan.

**12.**     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiffs have served the following discovery:

    SPAW GLASS HOLDINGS, L.P., Original Disclosures, Plaintiff's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on February 15, 2019;

    SPAW GLASS CIVIL CONSTRUCTION, Original Disclosures, Plaintiff's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on February 15, 2019;

    SPAW GLASS CIVIL CONTRACTORS, Original Disclosures, Plaintiff's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on February 15, 2019;

UHS OF DELAWARE, INC., Original Disclosures, Plaintiff Blanca Galvan's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on August 28, 2019;

UHS OF DELAWARE, INC., Original Disclosures, Plaintiff Teresa Sanchez's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on August 28, 2019;

McALLEN MEDICAL CENTER, Original Disclosures, Plaintiff Blanca Galvan's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on September 10, 2019;

McALLEN MEDICAL CENTER, Original Disclosures, Plaintiff Teresa Sanchez's First Set of Written Interrogatories, Requests for Production and Requests for Admission, on September 10, 2019;

THYSSENKRUPP ELEVATOR CORPORATION Original Disclosures, Plaintiff Teresa Sanchez's First Set of Written Interrogatories, Requests for Production and Requests for Admission.

THYSSENKRUPP ELEVATOR CORPORATION Original Disclosures, Plaintiff Blanca Galvan's First Set of Written Interrogatories, Requests for Production and Requests for Admission.

Gregory Laznovsky, Corporate sales manager for ThyssenKrupp was deposed. David Heath, Branch Manager for ThyssenKrupp Elevator Corporation was deposed. Pena Valdez and Marco Castro, employees for ThyssenKrupp were deposed. Defendant, ThyssenKrupp's initial discovery requests have already been completed. Plaintiffs have propounded to Defendants Requests for Disclosures pursuant to TRCP194.

Eric Kennedy, President of the Spaw Glass South Texas Division was deposed. Plaintiffs have propounded to Defendants Requests for Disclosures pursuant to TRCP194.

Defendant, McAllen Medical Center, prior to removal and being joined produced documents pursuant to a Deposition by Written Questions.

13. State the date the planned discovery can reasonably be completed.

    Plaintiffs' Response:

    Plaintiffs anticipate that discovery may be completed by May 15, 2020.

    Defendants' Response:

    Defendants anticipate that discovery may be completed by February 1, 2021.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiffs' Response:

    Plaintiffs believe that a mediation would be effective soon to discuss resolution of this matter since Defendants have Plaintiffs medical specials and damage models.

    Defendants' Response:

    Defendants believe that after depositions of relevant individuals and designated experts have been taken, the parties will visit the issue of potential dispute resolution.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiffs' Response:

    Plaintiffs are willing to mediate their disputes to bring a prompt resolution.

    Defendants' Response:

    Defendants have/will endeavor to promptly engage in meaningful discovery. After depositions of relevant individuals and designated experts have been taken, the parties will visit the issue of potential dispute resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties believe that mediation will be best for ADR once depositions of Plaintiffs and designated experts are completed.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to try this case to a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs' Response:

    Plaintiff's timely requested a jury trial at the time of initial filing of Original Petition.

    Defendants' Response:

    Defendants, McAllen Medical Center's and UHS of Delaware, Inc., timely requested a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties believe it will take 60 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiffs' Motion for Remand.

    Defendants, UHS of Delaware, Inc. and McAllen Medical Center's Amended Opposed Motion for Protective Order and Motion to Stay all Discovery.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None other than what has been identified above.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiffs filed their disclosures on October 8, 2019.

    The Court's docket reflects that Plaintiffs filed such disclosures on October 8, 2019.

    Defendants, McAllen Medical Center and UHS of Delaware, Inc., filed such disclosures on October 8, 2019.

    Defendant, ThyssenKrupp Corporation, filed such disclosures on October 9, 2019.

    The courts docket reflects that Defendant, Spaw Glass has yet to file such disclosures.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    ATTORNEYS FOR PLAINTIFFS
    Daniel Hernandez
    SBN: 24034479
    HERNANDEZ LAW FIRM, P.C.
    4841 S. Jackson Road
    Edinburg, Texas 78539
    (956) 369-4480
    FAX: (979) 822-6001
    EMAIL: efiling@hdzfirm.com

    ATTORNEYS FOR DEFENDANT, THYSSENKRUPP ELEVATOR
    Michael I. Ramirez
    SBN: 24008604
    Alyssa P. Wickern
    SBN: 24079571
    McCOY LEAVITT LASKEY, LLC
    20726 Stone Oak Parkway, Ste. 116
    San Antonio, Texas 78258
    (210) 446-2828
    FAX: (262) 522-7020
    EMAIL: mramirez@mllaw.com / awickern@mllaw.com
            and
    KUSTOFF & PHIPPS, LLP
    Melanie Sanders

4103 Parkdale Street
San Antonio, Texas 78229
(210) 614-9444
Email: msanders@kplegal.com

<u>ATTORNEYS FOR DEFENDANTS, SPAW GLASS HOLDING, L.P., SPAW GLASS CIVIL CONSTRUCTION, INC., SPAW GLASS HOLDING, L.P., AND SPAW GLASS CONTRACTORS, INC.</u>
Andres R. Gonzalez/Gregory M. Cokinos
COKINOS/YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
(210) 293-8700
FAX: (210) 293-8733
EMAIL: gmcokinos@cokinoslaw.com / agonzalez@cokinoslaw.com

<u>ATTORNEYS FOR DEFENDANTS, UHS OF DELAWARE, INC. AND MCALLEN MEDICAL CENTER</u>
Steven M. Gonzalez
SBN: 08131900
Federal ID: 3321
Edward J. Castillo
SBN: 24040658
Eduardo Moya
SBN: 24105674
GONZALEZ CASTILLO, LLP
1317 E. Quebec Avenue
McAllen, Texas  78503
(956) 618-0115
FAX:  (956) 618-0445
EMAIL: law@valleyfirm.com

_____/s/Daniel Hernandez_____   11/23/2019
Counsel for Plaintiffs           Date


_____/s/Alyssa P. Wickern_____  11/23/2019
Counsel for ThyssenKrupp Elevator Date


_____/s/Andres R. Gonzalez_____ 11/23/2019
Counsel for Spaw Glass Holding, L.P., Date
Spaw Glass Civil Construction, Inc.,
Spaw Glass Holding, L.P., and
Spaw Glass Contractors, Inc.


_____/s/Eduardo Moya_____       11/23/2019
Counsel for UHS of Delaware, Inc. and Date
McAllen Medical Center